**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

DARLENE ADAMS, et al.,

       Plaintiff,

    v.

SPACE EXPLORATION TECHNOLOGIES, CORP.,

       Defendant.

Case No. 6:26-cv-00376-CRW-DTG

**DEFENDANT SPACEX'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
MOTION TO DISMISS**

Defendant Space Exploration Technologies, Corp. ("SpaceX") respectfully requests that in deciding SpaceX's Motion to Dismiss, the Court take judicial notice of, and consider the contents of, Exhibits 1–6 to the concurrently filed Declaration of Elizabeth McCloskey.

The Court should take judicial notice of and consider the contents of Exhibits 1–6 described below because each exhibit may be properly considered by the Court, and each provides the Court with important context to assess Plaintiffs' claims in light of SpaceX's Motion to Dismiss. "When reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as . . . matters of which a court may take judicial notice.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)) (citations omitted). A fact is judicially noticeable whenever it is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). As detailed below, each Exhibit referenced in SpaceX's Motion to Dismiss is a proper subject of judicial notice under Federal Rule of Evidence 201.

*Legislative History*: Exhibits 1–5 all relate to the legislative history of the Texas Space Flight Liability Act.

- Exhibit 1 is a copy of Senate Bill No. 115, introduced during the 82nd legislative session, which ultimately became the Texas Space Flight Liability Act.

- Exhibit 2 is the Senate Research Center's Bill Analysis of Senate Bill No. 115.

- Exhibit 3 is a transcription of portions of testimony given to the Texas House of Representatives Committee on Appropriations during the 83rd legislative session regarding

proposed amendments to the Texas Space Flight Liability Act.

- Exhibit 4 is a copy of House Bill No. 1791, as passed by the House and Senate in 2013, which amended the Texas Space Flight Liability Act.

- Exhibit 5 is the House Research Organization's Bill Digest analyzing House Bill No. 1791.

The Legislative history of a statute is judicially noticeable. *See Territory of Alaska v. Am. Can Co.*, 358 U.S. 224, 226–27 (1959) (taking judicial notice of "legislative history of the bill"); *Baker v. Wade*, 106 F.R.D. 526, 530 (N.D. Tex. 1985) (taking judicial notice of "legislative history" of statute at issue); *DeJoria v. Maghreb Petroleum Exploration, S.A.*, 2018 WL 1057029, at *7 (W.D. Tex. Feb. 26, 2018) (explaining that "the Court can take judicial notice of" the "legislative history related to the Texas Legislature's adoption of" statute). This includes testimony presented during legislative sessions. *See, e.g.*, *Baker*, 106 F.R.D. at 530–31 (judicially noticing testimony presented to legislative committees). Similarly, "a bill analysis is part of legislative history and can be the subject of judicial notice." *John Doe I v. Roman Catholic Diocese of Galveston-Houston*, 2007 WL 2817999, at *n.30 (S.D. Tex. Sept. 26, 2007). Accordingly, Exhibits 1–5 all fall within the scope of Rule 201 and the Court should take judicial notice of them.

***Publicly Available Licensing***: Exhibit 6 is a copy of SpaceX's Commercial Space Transportation License granted by the Federal Aviation Administration Office of Commercial Space Transportation and publicly available on the FAA website. Public records, including licensing records, on government websites are judicially noticeable. *Billy Navarre Certified Used Car Imports LLC v. Claremont Property Co.*, 2025 WL 3008823, at *2 (W.D. La. Oct. 24, 2025) (taking judicial notice of "information from the Louisiana State Licensing Board for Contractors" regarding defendant's license); *see also Darby v. Johnson*, 176 F.3d 479, at *2 (5th Cir. 1999)

("Taking judicial notice of the public records of the State Bar of Texas, we note that trial counsel was fully licensed to practice law."); *Cicalese v. Univ. of Tex. Medical Branch*, 456 F. Supp. 3d 859, 871–72 (S.D. Tex. 2020) (explaining that a court may "take judicial notice of a license that is available on a governmental website without converting a motion to dismiss to a motion for summary judgment"). The Court should therefore judicially notice Exhibit 6.

For the foregoing reasons, SpaceX respectfully requests that the Court take judicial notice of and consider the contents of Exhibits 1–6 to the McCloskey Declaration.

Dated: July 22, 2026                                    GIBSON, DUNN & CRUTCHER LLP


                                                       */s/ John T. Cox III*
                                                       John T. Cox III
                                                       *Attorney-in-Charge*
                                                       Tx. Bar No. 24003722
                                                       GIBSON, DUNN & CRUTCHER LLP
                                                       2001 Ross Avenue, Suite 2100
                                                       Dallas, Texas 75201
                                                       Telephone: (214) 698-3100
                                                       Facsimile: (214) 571-2900
                                                       tcox@gibsondunn.com

                                                       Elizabeth K. McCloskey
                                                       (*admitted pro hac vice*)
                                                       One Embarcadero Center, Suite 2600
                                                       San Francisco, CA 94111-3715
                                                       Telephone: (415) 393-8200
                                                       Facsimile: (415) 393-8306
                                                       emccloskey@gibsondunn.com

                                                       Joseph D. Edmonds
                                                       (*admitted pro hac vice*)
                                                       3161 Michelson Drive, Suite 1200
                                                       Irvine, CA 92612-4412
                                                       Telephone: (949) 451-3805
                                                       jedmonds@gibsondunn.com

                                                       *Counsel for Space Exploration Technologies Corp.*

4

5

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 22, 2026, I caused a copy of the foregoing to be served on all counsel of record via CM/ECF.

/s/ *John T. Cox III*
John T. Cox III

5